UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JULIAN R. HOOD, JR., | ) |
| Plaintiff, | ) Case No. 1:16-cv-400 |
| v. | ) Honorable Paul L. Maloney |
| UNITED STATES OF AMERICA, et al., | ) **MEMORANDUM OPINION** |
| Defendants. | ) |

This is one of a series of lawsuits brought by plaintiff claiming improper denial of federal employee group life insurance (FEGLI) benefits. "The Federal Employees Group Life Insurance Act of 1954, 5 U.S.C. § 8701, *et seq*., establishes a life insurance program for federal employees and provides that an employee may designate a beneficiary to receive the proceeds of her life insurance at the time of her death." *Hood v. Office of Pers. Mgmt.*, 1:15-cv-609, 2016 WL 4411365, at * 1 (W.D. Mich. May 17, 2016). "The program is administered by the federal Office of Personnel Management (OPM). 5 U.S.C. § 8716. Pursuant to the authority granted to it by FEGLIA, OPM entered into a life insurance contract with the Metropolitan Life Insurance Company. See § 8709; 5 CFR § 870.102 (2013). Individual employees enrolled in the Federal Employees' Group Life Insurance (FEGLI) Program receive coverage through this contract." *Hillman v. Maretta*, 133 S. Ct. 1943, 1947 (2013). The Office of Federal Employees' Group Life Insurance (OFEGLI) is an administrative unit of Metropolitan

Life Insurance Company (MetLife) responsible for administering the claims process of the FEGLI program. *See Reed v. United States*, No. 97-6525, 1999 WL 503586, at * 1 n.1 (6th Cir. July 12, 1999); *Graber v. Metro. Life Ins. Co.*, 855 F. Supp. 2d 673, 674 (N.D. Ohio 2012).

"Plaintiff's mother, Deborah Covington Jackson was a federal employee. On March 18, 2002, she executed a waiver which canceled her coverage under the FEGLI Program. Ms. Jackson died on September 22, 2013. After Ms. Jackson's death, plaintiff attempted to obtain FEGLI benefits, but benefits were denied because Ms. Jackson had waived those benefits more than a decade before her death." *Hood v. Office of Pers. Mgmt.*, 2016 WL 4411365, at * 1.

In *Hood v. Office of Personnel Management*, plaintiff argued that his mother had not been mentally capable of executing a waiver of life insurance in 2002. 2016 WL 4411365, at * 1. The Court held that sovereign immunity barred plaintiff's claims. *Id.* at * 6. Alternatively, plaintiff's claims were barred by the statute of limitations. *Id.* at * 6-8. "Assuming that plaintiff ha[d] standing to contest the validity of a waiver executed by his now-deceased mother, any such cause of action accrued no later than May 14, 2002, when defendant advised Ms. Jackson that all of her life insurance coverage was cancelled pursuant to her written request."[1] 2016 WL 4411365, at * 7.

---

[1]*See also Hood v. Office of Pers. Mgmt.*, No. 1:15-cv-609, 2016 WL 4401074 (W.D. Mich. Aug. 18, 2016).

Plaintiff filed this lawsuit on April 21, 2016. (ECF No. 1). Here, plaintiff once again claims entitlement to FEGLI benefits based on arguments that his mother was not mentally capable of executing the 2002 waiver of FEGLI life insurance coverage. (ECF No. 1). Plaintiff named six defendants in this complaint: United States of America, Office of Personnel Management (OPM), OPM's Director, Beth Cobert (collectively referred to as the OPM defendants), and MetLife, Inc., its Office of Federal Group Life Insurance (more properly identified as Office of Federal Employees' Group Life Insurance (OFEGLI), and its Chief Executive Officer, Steven Kandarian (collectively referred to as the MetLife defendants). Plaintiff seeks to recover damages on a broad range of legal theories. (ECF No. 1, PageID.1, 16).

The matter is before the Court on a series of motions by plaintiff (ECF No. 11, 16, 22, 28) and defendants (ECF No. 7, 10, 13, 25). For the reasons set forth herein, plaintiff's first motion for leave to amend his complaint (ECF No. 11) will be granted and plaintiff's amended complaint (ECF No. 12, PageID.148-99) will be deemed filed *instanter*. Plaintiff's other motions (ECF No. 16, 22, 28) will be denied. Three of defendants' dispositive motions (ECF No. 7, 10, 13) will be dismissed without prejudice. The motion for summary judgment by the Metlife defendants based on claim preclusion[2] (ECF No. 25) will be granted.

---

[2] The OPM defendants have not yet filed a motion for summary judgment based on claim preclusion stemming from this Court's judgment in Case No. 1:15-cv-609.

## I.      Plaintiff's Motions

On June 30, 2016, plaintiff filed a motion under Rule 15(a) of the Federal Rules of Civil Procedure seeking leave to amend his complaint. (ECF No. 11). Plaintiff indicated that he had listed an FTCA claim in the caption of his complaint, but he was not sure that he had listed an FTCA claim against the OPM defendants in the body of the complaint "as he as he had done in [his] other complaints[.]" (*Id.* at PageID.137-38). He also wanted to "make [his] defense to the statute of limitations that the United States and the OPM may claim." (*Id.* at PageID.138). Defendants did not file a brief in opposition to this motion and at that juncture they had filed nothing precluding plaintiff from amending his pleading once as of right. *See* FED. R. CIV. P. 15(a)(1)(B). Plaintiff's motion (ECF No. 11) will be granted and plaintiff's amended complaint (ECF No. 12, PageID.148-69) will be deemed filed *instanter*.

On July 20, 2016, plaintiff filed a motion for leave to file a second amended complaint. (ECF No. 16). Plaintiff stated that he was seeking leave to dismiss all his claims against the United States and OPM. (*Id.* at PageID.208). However, defendants are correct that plaintiff is not clear regarding what he proposed to do with his claims against defendant Colbert (*Id.*), and plaintiff's proffered second amended complaint persists in making numerous allegations of wrongdoings by OPM (ECF No. 16, PageID.216, 221). The OPM defendants would be severely prejudiced and the procedural posture of this case would be needlessly complicated by allowing the proposed

amendment. Plaintiff's motion for leave to file a second amended complaint will be denied.

Plaintiff's three-sentence motion asking the Court to submit his "complaint" to a magistrate judge for decision (ECF No. 22) will be denied. Assuming that plaintiff was alluding to pending motions, the Court finds that no referral is necessary because all such motions are addressed herein.

On February 15, 2017, plaintiff filed a motion for relief from judgment under the caption of one of his other lawsuits: *Hood v. United States Postal Service*, No. 1:14-cv-1104. Plaintiff asked that his motion be filed in fourteen additional lawsuits that he has filed in this Court. (ECF No. 28, PageID.317). Plaintiff cannot seek relief from judgments entered in other cases in this lawsuit. The only instances where this case is even mentioned in plaintiff's motion are the first and last pages where this case's number appears in a list. (*Id.* at PageID.317, 351). Plaintiff asked to have the "judgment" in this case vacated. (*Id.* at PageID.351). Plaintiff's motion was decidedly premature in this case because a final judgment has yet been entered. Plaintiff's motion will be denied.

## II.   Defendants' Motions

Three of the defendants' dispositive motions (ECF No. 7, 10, 13) were filed early in this case and they were directed against plaintiff's original complaint rather than his amended complaint. Accordingly, those motions will be dismissed without prejudice. On September 16, 2016, the MetLife defendants filed a motion seeking summary

judgment on the ground that all plaintiff's claims against the MetLife defendants are barred by claim preclusion stemming from the judgment this Court entered in Case No. 1:15-cv-609.

"Claim preclusion is the doctrine by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment." *Hood v. United States*, No. 1:16-cv-665, 2016 WL 7334836, at * 2 (W.D. Mich. Dec. 19, 2016) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979) and *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). "The elements of claim preclusion are: (1) a final decision on the merits by a court of competent jurisdiction; (2) the same parties or their privies that were involved in the first action are present in the second action; (3) the second action raises an issue or claim that was or should have been litigated in the first action; and (4) there is an identity of claims between the first and second actions. *Hood v. United States*, 2016 WL 7334836, at * 2 (citing *Sanders Confectionery Prods., Inc. v. Heller Fin. Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)); *see Montana v. United States*, 440 U.S. at 153; *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015); *see also Hood v. United States*, No. 1:15-cv-1279, 2016 WL 6067955, at * 1 (W.D. Mich. Oct. 17, 2016).

The defendants satisfy all four elements. First, the Court's decision finding that plaintiff's claims are barred by the statute of limitations was a judgment on the merits.[3]

---

[3]In *Heike v. Central Michigan Univ. Bd. of Trustees*, 573 F. App'x 476, 480 n.1 (6th Cir. 2014), the Sixth Circuit found that in a case where the earlier dismissal had

*See Heike v. Central Michigan Univ. Bd. of Trustees*, 573 F. App'x at 480. "A dismissal with prejudice 'operates as a final adjudication on the merits and has a *res judicata* effect.'" *Hood v. United States*, No. 1:15-cv-1247, 2016 WL 6067953, at * 1 (W.D. Mich. Oct. 17, 2016) (quoting *Pedreira v. Sunrise Children's Servs., Inc.*, 802 F.3d 865, 870 (6th Cir. 2015)).

Second, this lawsuit involves the same parties and their privies. Plaintiff filed both lawsuits and the defendants in both cases were in privity. *See GMAC Mortg., LLC v. McKeever*, 651 F. App'x 332, 340-42 (6th Cir. 2016); *Heike*, 573 F. App'x at 481; *Hood v. United States*, No. 1:16-cv-665, 2016 WL 7334836, at * 2 (W.D. Mich. Dec. 19, 2016)

Third, plaintiff's claims against the MetLife defendants could have and should have been asserted in the earlier lawsuit. All plaintiff's claims pivot on his attempts to undermine his mother's 2002 waiver of FEGLI benefits. Plaintiff's argument that this lawsuit and its predecessor "are not identical claims" (ECF No. 26, PageID.311) is inconsequential. As this Court has previously explained to plaintiff, claim preclusion bars "every matter actually litigated as well as every theory of recovery that could have been presented." *Hood v. United States*, No. 1:15-cv-1279, 2016 WL 6067955, at * 2 (citing *Armour v. McCalla*, 16 F. App'x 305, 306 (6th Cir. 2001)). "Plaintiff's failure to

---

been based on alternative grounds, it was not necessary to "decide whether a dismissal based on sovereign immunity [was] sufficiently jurisdictional in nature to bar the application of claim preclusion in a future action." This Court likewise finds that it is not necessary to reach that issue.

bring claims under different theories in his previous complaints does not now shield him from claim preclusion." 2016 WL 6067954, at * 2.

Plaintiff's argument that he "was not allowed to amend [his] complaint" (ECF No. 26, PageID.312) is untenable. Plaintiff did file an amended complaint in his earlier lawsuit, which among other things, sought to include OFEGLI as a defendant on a variety of legal theories. *Hood v. Office of Pers. Mgmt.*, 2016 WL 4411365, at * 3. However, this proposed amended pleading was never brought "properly before the Court. Plaintiff did not file a motion to amend pursuant to Fed. R. Civ. P. 15(a)(2) or a supporting brief as required by W.D. Mich. LCivR 7.1(a). In this regard, the Court previously advised plaintiff of the necessity of complying with the local court rules in this litigation." 2016 WL 4411365, at * 3. Plaintiff then withdrew his proposed amendments. *Id.; see also Hood v. Office of Pers. Mgmt.*, 2016 WL 4401074, at * 1. Plaintiff chose to withdraw his claims. The Court did not prevent plaintiff from asserting those claims.

Plaintiff offers a convoluted and sanctionable argument that this Court "does not have jurisdiction to hear [his] breach of contract claim under the FEGLIA" because the United States Court of Federal Claims has jurisdiction, citing one of the lawsuits that plaintiff filed in that court. (ECF No. 26, PageID.312). Suffice it to say that plaintiff's argument is not persuasive and that plaintiff has violated his duty of candor to this Court by not advising this Court of the adverse January 17, 2017, decision of the United

-8-

States Court of Federal Claims.[4]  *See Hood v. United States*, 130 Fed. Cl. 232 (Fed. Cl. 2017).  The Court of Federal Claims found that it lacked jurisdiction under 28 U.S.C. § 1500 because this Court had jurisdiction based on plaintiff's claim of entitlement to the FEGLI benefits in *Hood v. Office of Personnel Management*, 1:15-cv-609.  130 Fed. Cl. at 241-42 ("Because *Hood v. Office of Personnel Management*, No. 15-609, was pending in the Western District of Michigan at the time the above-captioned case commenced, and plaintiff's claims in that case were based on the same operative facts as plaintiff's claims in the above-captioned case, this court is statutorily-barred from exercising jurisdiction over plaintiff's complaint pursuant to 28 U.S.C. § 1500.").

The Court of Federal Claims provided a careful chronology of plaintiff's proliferation of lawsuits in that court, this Court, and the Southern District of New York seeking to recover the FEGLI benefits under a variety of legal theories.  *Id.* at 240-42.

---

[4]Plaintiff has long had notice that his jurisdictional argument was meritless.  *See Hood v. United States*, 127 Fed Cl. 192 (Fed. Cl. 2016).  In May 2016, the Court of Federal Claims dismissed plaintiff's "vexatious" complaints and it imposed sanctions.  "Mr. Hood's complaints in this case include allegations that are not warranted by existing law and Mr. Hood does not put forth a nonfrivolous argument for extending, modifying, or reversing well-established existing law that is controlling on the claims presented in his complaints. Mr. Hood has been informed on multiple occasions by other federal courts that his claims are time-barred or otherwise fatally flawed.  Plaintiff's purpose in continuing to file complaints putting forth the same allegations, therefore is frivolous and wastes valuable court resources.  Therefore, the appropriate sanction in this case is to bar plaintiff from any future complaints in this court without an order from a judge of this court approving such a filing."  *Id.* at 216.

In February 2016, the Court of Federal Claims held that plaintiff's history of vexatious litigation warranted the sanction of barring plaintiff from proceeding *in forma pauperis. Hood v. United States*, No. 15-1158C, 2016 WL 742185 (Fed. Cl. Feb 24, 2016).  This Court is deferring its decision regarding appropriate sanctions.

The Court of Federal Claims not only dismissed plaintiff's claims, it imposed sanctions in an effort to prevent further abusive litigation. "Plaintiff's duplicative filings across the federal judicial system, coupled with the experience that he is, or should be, aware of the statutory limitations of 28 U.S.C. § 1500, as explained to him by this court and the United States Court of Appeals for the Federal Circuit, lays bare his intentional and time-wasting scheme to forum shop and tax the judiciary in an effort to obtain an outcome he deems favorable." *Id.* at 242. The court concluded its opinion as follows: "The Clerk of the Court is directed not to file future complaints in which Mr. Hood asserts allegations that arise from the same facts set forth in Case Number 16-570[.]" 130 Fed. Cl. at 242.

Plaintiff's previous lawsuit and this one arose out of the same transaction. *See Hood v. Office of Pers. Mgmt.*, 1:15-cv-609, 2016 WL 4411365, at * 1. "The now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action depends on factual overlap, barring claims arising from the same transaction." *United States v. Tohono O'odham Nation*, 563 U.S. 307, 316 (2011) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482 n.22 (1982)); *see also Hood v. United States*, 2016 WL 6067955, at * 2. "Two suits are for or [are] in respect to the same claim ... if they are based on substantially the same operative facts, regardless of the relief sought in each suit." 563 U.S. at 317. Plaintiff's claims are based on substantially the same operative facts. The Court finds that all plaintiff's claims against the Metlife defendants are barred by claim preclusion.

**Conclusion**

For the reasons set forth herein, plaintiff's first motion for leave to amend his complaint (ECF No. 11) will be granted and plaintiff's amended complaint (ECF No. 12, PageID.148-69) will be deemed filed *instanter*. Plaintiff's other motions (ECF No. 16, 22, 28) will be denied. Three of defendants' dispositive motions (ECF No. 7, 10, 13) will be dismissed without prejudice. The motion for summary judgment by the Metlife defendants based on claim preclusion (ECF No. 25) will be granted.

Dated:   March 22, 2017 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge