UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JULIAN R. HOOD, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | File No. 1:16-cv-400 |
| v. ) | |
| ) | HON. PAUL L. MALONEY |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | |
| ) | |

This is one of a series of lawsuits brought by Plaintiff Julian R. Hood, Jr., claiming improper denial of federal employee group life insurance ("FEGLI") benefits under a variety of legal theories. Plaintiff claims that he is entitled to benefits following the death of his mother, who was a federal employee. In his amended complaint, he sues the United States of America, United States Office of Personnel Management ("OPM"), OPM's director, Beth Cobert, MetLife, Inc., MetLife's CEO, Steven Kandarian, and MetLife's Office of Federal Employees' Group Life Insurance ("OFEGLI").[1] On March 22, 2017, the Court entered judgment in favor of MetLife, Kandarian, and OFEGLI because Plaintiff's claims against them are barred by claim preclusion (ECF No. 29). Before the Court is a motion by the remaining defendants for dismissal of Plaintiff's claims and/or for summary judgment (ECF No. 31). Plaintiff has not responded to the motion.[2] For the reasons set forth herein, Defendants' motion will be granted.

---

[1] In the amended complaint, Plaintiff also lists "Attorney General for the United States of America, Loretta E. Lynch," as a Defendant (Am. Compl. 2, ECF No. 12), though it is not clear why she would be a party because she is not mentioned anywhere in the allegations of the complaint.

[2] Plaintiff filed a motion to dismiss and/or transfer the case, but on March 30, 2017, the Court dismissed the motion without prejudice because it was not properly filed. Plaintiff has not filed anything since that time.

**Analysis**

Like MetLife and Kandarian, Defendants United States, OPM, and Cobert assert that Plaintiff's claims against them are barred by claim preclusion. The Court's March 22, 2017 opinion provides the appropriate legal framework:

> "Claim preclusion is the doctrine by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment." *Hood v. United States*, No. 1:16-cv-665, 2016 WL 7334836, at * 2 (W.D. Mich. Dec. 19, 2016) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979) and *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). "The elements of claim preclusion are: (1) a final decision on the merits by a court of competent jurisdiction; (2) the same parties or their privies that were involved in the first action are present in the second action; (3) the second action raises an issue or claim that was or should have been litigated in the first action; and (4) there is an identity of claims between the first and second actions. *Hood v. United States*, 2016 WL 7334836, at *2 (citing *Sanders Confectionery Prods., Inc. v. Heller Fin. Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)); *see Montana*, 440 U.S. at 153; *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015); *see also Hood v. United States*, No. 1:15-cv-1279, 2016 WL 6067955, at *1 (W.D. Mich. Oct. 17, 2016).

(3/22/2017 Op. 6, ECF No. 29.)

All four elements of claim preclusion are satisfied. Plaintiff previously sued the OPM, alleging that he was denied life insurance benefits because the OPM improperly accepted his mother's waiver of her life insurance coverage through the FEGLI program. The Court held that his claim was barred by sovereign immunity and, in the alternative, by the statute of limitations. *Hood v. Office of Personnel Mgmt.*, No. 1:15-cv-609, 2016 WL 4411365, at *6-7 (W.D. Mich. May 17, 2016), *adopted as opinion of the court*, 2016 WL 4401074 (W.D. Mich. Aug. 18, 2016). This was a final decision on the merits. (3/22/2017 Op. 6, ECF No. 29.)

Second, this lawsuit involves the same parties and/or their privies as the previous one. Plaintiff filed both lawsuits, and OPM is a defendant in both. The United States and Cobert stand

in privity with OPM.³ *Heike v. Cent. Mich. Univ. Bd. of Trustees*, 573 F. App'x 476, 481-82 (6th Cir. 2014); *Pittman v. Mich. Corrs. Org.*, 123 F. App'x 637, 640 (6th Cir. 2005); *see Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 403 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government.").

Third, this action raises claims that were or should have been litigated in the first action. "All [of] plaintiff's claims pivot on his attempts to undermine his mother's 2002 waiver of FEGLI benefits." (3/33/2017 Op. 7, ECF No. 29.) Plaintiff's claims in the previous action may not have rested on the same legal theories as the claims in his amended complaint, but "claim preclusion bars every matter actually litigated as well as every theory of recovery that could have been presented." (*Id.* (internal quotation marks omitted).)

Fourth, as this Court has already held, there is an identity of claims between both actions. (3/22/2017 Op. 10, ECF No. 29.) Thus, Plaintiff's claims against the United States, OPM, and Cobert are barred by claim preclusion.⁴

## Conclusion

For the foregoing reasons, Defendants' motion to dismiss the claims against them (ECF No. 31) will be granted. An order and judgment will enter consistent with this Opinion.

Dated: July 21, 2017                      /s/ Paul L. Maloney
                                          PAUL L. MALONEY
                                          UNITED STATES DISTRICT JUDGE

---

³Assuming Plaintiff intends to state a claim against the Attorney General, the Attorney General is also in privity with OPM with regard to Plaintiff's claims.

⁴The same conclusion would apply to Attorney General Lynch if she is a defendant in this action.